UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Michael Keklikian dba Renters Warehouse Nevada, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DeAnn Johnson and Christa Hicks,<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-01230-RFB-DJA<br><br>**Order** |

　　　　Pro se Defendants DeAnn Johnson and Christa Hicks[1] filed an application to proceed *in forma pauperis*. (ECF No. 2). However, the application is missing certain information. The Court thus denies the application without prejudice.

**I.　　Discussion.**

　　　　Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1] Defendants have attached a document titled "Notice of Removal Pursuant to 28 USC 1446" to their application to proceed *in forma pauperis*.

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Defendant DeAnn Johnson has partially answered Question 2 and answered Question 3 but has not answered any other questions. On the docket, Johnson includes an address. The Court takes judicial notice of the fact that public records reveal the address is an apartment complex. Johnson does not provide any details in the application regarding how she pays rent, how she pays utilities or other bills, or how she lives considering her claim to have no money and no bills. The Court finds that Johnson has omitted information from the application. As a result, the Court cannot determine whether Johnson qualifies for *in forma pauperis* status.

The Court will give Johnson one opportunity to file a complete *in forma pauperis* application. The Court further orders that Johnson may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Johnson also may not leave any questions blank. Johnson must describe each source of money that she receives, state the amount she receives, and what she expects to receive in the future.

The Court denies Johnson's *in forma pauperis* application without prejudice. The Court gives Johnson 30 days to file an updated application. Johnson must fully answer all applicable

questions and check all applicable boxes.  Johnson may alternatively pay the filing fee in full. Since the Court denies Johnson's application, it does not screen the complaint at this time.

**IT IS THEREFORE ORDERED** that Johnson's application to proceed *in forma pauperis* (ECF No. 2) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Johnson has until **September 20, 2023** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Johnson a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[2]

DATED: August 21, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.